# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2012

No. 11-10887

Lyle W. Cayce
Clerk

POLY-AMERICA, L.P.,

Plaintiff-Appellee

v.

STEGO INDUSTRIES, LLC,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-2224

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Poly-America, L.P. ("Poly-America") filed suit against Stego Industries, LLC ("Stego"), seeking declaratory judgment that: (1) Stego did not have a claim for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051-1127; (2) Stego's yellow color mark for vapor barrier is not a registrable trademark in the United States Patent and Trademark Office ("PTO"); (3) Stego had no common law right to its trademark and could not assert trade dress protection under § 43 of the Lanham Act, 15 U.S.C. § 1125; and (4) Stego engaged in unfair

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10887

competition by making false or fraudulent declarations to the PTO. The district court issued a declaratory judgment, holding that Stego's trademark of the color yellow in vapor barrier is not registrable under the Lanham Act and that Stego has no common law trademark rights to yellow vapor barrier, and enjoined Stego Industries from pursuing infringement litigation against Poly-America. The district court also held that Poly-America failed to show that Stego fraudulently procured PTO registration for its yellow color mark. Both parties now appeal.

A product feature is *de jure* functional and therefore cannot be registered or protected by trademark law "when it is essential to the use or purpose of the device or when it affects the cost or quality of the device." *Traffix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 32 (2001); *see also Qualitex Co. v. Jacobson Prods. Co., Inc.*, 514 U.S. 149, 165 (1995); *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 850 n.10 (1982). "[I]f a product feature is 'the reason the device works,' then the feature is functional." *Eppendorf-Netheler-Hinz GMBH v. Ritter GMBH*, 289 F.3d 351, 355 (5th Cir. 2002). The district court determined that the yellow color mark in vapor barrier—which is a plastic sheeting laid beneath concrete slab foundations—was *de jure* functional because the color made it easier to spot and therefore fix holes and gaps in the plastic sheeting that prevented moisture and vapor gas from migrating from the ground into the concrete slab foundation of buildings; and because it decreased heat absorption on worksites, which kept worksites cooler and prevented the expansion of vapors beneath the vapor barrier. The district court then concluded that Stego had no common law right to trade dress protection, because "trade dress protection may not be claimed for product features that are functional." *Traffix*, 532 U.S. at 29; see also 15 U.S.C. § 1125(a)(3). The district court also determined that Poly-America failed to prove that Stego fraudulently procured its registration. Stego's application contained Stego advertisements that

No. 11-10887

discussed the yellow color mark's utilitarian purposes and Poly-America did not show that Stego otherwise attempted to deceive the PTO.

After reviewing the record, studying the briefs, and listening to oral arguments, we AFFIRM the judgment of the district court for essentially the same reasons given by the district court in its Memorandum Opinion and Order of July 27, 2011.

AFFIRMED.